UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHIA LEE,

        Plaintiff,

v.                                                          Case No. 05-C-1361

RIPON FOODS, INC. and
BLUE CROSS BLUE SHIELD OF MISSOURI,

        Defendants.

**DECISION AND ORDER**

      This is a *pro se* action to recover benefits and damages under the plaintiff's ERISA health plan. Chia Lee originally filed the case in the Circuit Court of Winnebago County, but the defendants removed the case under 28 U.S.C. § 1441 on the grounds of ERISA preemption. In their motion to dismiss, the defendants claim the plaintiff's claims are preempted by ERISA; they also maintain that the plaintiff named the wrong parties and that she failed to exhaust the administrative remedies provided for by the plan. For the reasons given below, the motion will be granted.

      The complaint is a one-page document filed in state small claims court. (Notice of Removal, Ex. A.) Its substance is limited to a statement to the effect that the plaintiff received medical treatment, submitted her claims to the provider, and was unsatisfied when Blue Cross only paid $66 of the bill. In seeking full payment, the plaintiff also apparently required the services of a translator, and in this action she wishes to recover those costs as well.

The defendants are correct that inasmuch as the plaintiff's claim could be construed as a claim brought under state law, it is preempted by ERISA, 29 U.S.C. § 1132. ERISA's preemptive scope is well-known, and it stretches to encompass almost any legal claim relating to an employee's welfare benefit plan. As the defendants put it, "Plaintiff's current claim is straightforward challenge to the denial of benefits under the applicable employee benefit plan maintained by Ripon Foods and administered by BCBSMo. As such, her claim squarely falls within ERISA's enforcement mechanism." (Br. at 6.) In particular, the plaintiff's claim seems to be a claim under section 502(a)(1)(B) of ERISA, which provides that:

> A civil action may be brought –
> (1) by a participant or beneficiary -- …
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan….

29 U.S.C. § 1132(a)(1)(B). Thus, because the plaintiff's claim is really a federal ERISA claim, any state law theories of recovery or damages are preempted and must be brought under ERISA.

But it does not follow from the above that the plaintiff's complaint necessarily must be dismissed. In the federal pleading regime, plaintiffs–especially *pro se* plaintiffs–need not plead the particular legal theory upon which they are relying. It is enough to state a claim upon which relief may be granted. The defendants recognize that preemption is not itself grounds for dismissal, but they maintain that the complaint must be dismissed on other grounds. First, they claim that the plaintiff has sued the wrong parties. In particular, she failed to name the ERISA plan itself, which is generally the proper party under 29 U.S.C. § 1132(d). They also claim that the plaintiff failed to exhaust any administrative remedies and never filed any administrative appeal within the plan's own framework.

Given the difficulty in ascertaining the proper party defendant to be named in an ERISA action (especially for a *pro se* plaintiff), I would be reluctant to simply dismiss the complaint on that basis, especially when amendment of the complaint might easily cure the defect. But on the other theory–failure to exhaust administrative remedies–the defendants make a strong argument for dismissal. In *Rivera v. Network Health Plan of Wisconsin, Inc.,* I noted that it was within my discretion to dismiss an ERISA complaint for failure to exhaust. 2003 WL 22794439, *9 (E.D. Wis. 2003). And when the plan documents themselves require certain administrative procedures to be followed before a lawsuit is instituted, as is the case here, my discretion would generally favor dismissal; to do otherwise would allow an end-run around the benefits contract itself and would undercut the efficiencies and administrative record provided by an administrative appeal. *See Wilczynski v. Lumbermens Mut. Cas. Co.,* 93 F.3d 397, 402 (7th Cir. 1996)("Requiring exhaustion of administrative remedies 'enhances the ability of plan fiduciaries to expertly and efficiently manage their plans by preventing premature judicial intervention' and assists the courts by ensuring that plaintiffs' claims have been 'fully considered' by plan fiduciaries.'" (quoting *Powell v. A.T. & T. Communications, Inc.,* 938 F.2d 823, 826 (7th Cir.1991)).

Whereas in *Rivera* I concluded that administrative exhaustion would have been futile, in this case it would not. There is no indication that the plaintiff could not have filed an administrative appeal, nor that such an appeal would have been to no end. The procedures provided by the plan are straightforward and require submission of an appeal within 180 days. (Lamb Aff., Ex. 1.) The appeal procedure comprehends the making of an administrative record of documents and other records to aid the administrative decisionmaker. It also notes that an ERISA claim may be filed in

3

court *after* the beneficiary receives an adverse decision on appeal. Because it is undisputed that the plaintiff never filed any administrative appeal, I conclude that the complaint must be dismissed.[1]

Therefore, for the reasons given above, IT IS ORDERED that the motion to dismiss is GRANTED and this case is DISMISSED without prejudice.

Dated this   4th   day of April, 2006.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge

---

[1] In ruling on a motion to dismiss, a court generally does not consider materials outside the pleadings themselves. But when exhaustion has been raised as an affirmative defense, it is incumbent on the plaintiff to supplement the pleadings or explain why exhaustion should not be required. The plaintiff has not responded to the motion to dismiss, nor has she responded to the benefits administrator's unequivocal statement that she never filed any appeal. *See DeBartolo v. Plano Molding Co.,* 2002 WL 1160160, *2 (N.D. Ill. 2002)("because DeBartolo neither has alleged complete exhaustion, nor has he alleged he should be excused from exhaustion, this Court dismisses DeBartolo's Amended Complaint for failure to exhaust.")